IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NORMAN BITTLE,**<br><br>Plaintiff,<br><br>vs.<br><br>**ALOHA POOL & SPA SERVICE, LLC,**<br>**and TIMOTHY SHERLOCK, individually,**<br><br>Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff NORMAN BITTLE ("Bittle" or "Plaintiff"), on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants ALOHA POOL & SPA SERVICE, LLC, ("Defendant" or "Aloha") and TIMOTHY SHERLOCK, individually ("Sherlock") (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated –non-exempt pool maintenance laborers– who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt pool maintenance duties for the Defendants based out Defendants' retail pool and spa repair and maintenance location in Medford, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant Aloha, is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Defendants run a pool and spa repair and maintenance location, and so as to perform pool and spa repair and maintenance operations, Defendants purchase and use equipment and products which are transported through interstate commerce. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the equipment and products which have moved through interstate channels so as to produce an end product for Defendants' consumers. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

8. Plaintiff is an adult individual who is a resident of Medford, Burlington County, New Jersey.

9. Plaintiff Bittle was employed by Defendants full time for 7 months per year and for emergencies during the winter months.

10. Plaintiff Bittle worked as a pool and spa maintenance technician, from in or about June, 2014, through in or about May, 2016.

11. Defendant, Aloha, is headquartered in Medford, Burlington County, New Jersey.

12. Upon information and belief, at all times relevant to this Complaint, Defendant Aloha, employed individuals to perform labor services on behalf of the Defendants.

13. Upon information and belief, at all times relevant to this Complaint, Defendant Aloha's annual gross volume of sales made or business done was not less than $500,000.00.

14. At all times relevant to this Complaint, Defendant Aloha was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

15. Upon information and belief, Defendant Sherlock is a New Jersey state resident.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Sherlock has been an owner, partner, officer and/or manager of the Defendant Aloha's, pool and spa maintenance and repair business.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant Sherlock has had power over personnel decisions at the Defendant Aloha's, business.

18. Defendant Sherlock was present at the storefront location every day, and managed the day to day operations, controlled the employees, the pay practices and had the power to

change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## FACTS

19. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff, and those similarly situated employees, for all hours worked in a work week.

20. Plaintiff Bittle was an hourly employee and his hourly rate of pay varied from $12.00 to $16.00 per hour.

21. During the Defendants' season, which began in or about March first and extended through the middle of October, each year, Plaintiff routinely worked five (5) to six (6) days per week.

22. Plaintiff worked anywhere from twenty (20) to eighty (80) hours per week; three (3) out of four (4) weeks each week, Plaintiff worked in excess of forty (40) hours.

23. Plaintiff only took a lunch break one (1) or two (2) days per workweek, despite the fact that Defendants automatically deducted thirty (30) minutes each and every day Plaintiff worked.

24. Thus, Plaintiff is owed unpaid wages for the time that he worked through lunch, one and one half (1 ½) hours to two (2) hours each and every week that he worked in excess of forty (40) hours.

25. Plaintiff was either not paid his hourly wage or his overtime (one and one half times his regular rate of pay) when his hours exceeded forty (40) in a work week, depending upon the number of hours he worked that particular week.

26. Employees similarly situated to Plaintiff were also similarly not compensated for lunches worked but automatically deducted from their paychecks each week they worked.

27. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

28. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

29. This cause of action is brought to recover from Defendants compensation, overtime compensation, liquidated damages, and costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

30. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

31. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

32. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked, both regular hours and those in excess of forty (40), for which they were entitled to overtime pay, within a work week.

33. The additional persons who may become Plaintiffs in this action are Defendants non-exempt employees who have worked regular hours and/or overtime hours in one or more work periods, on or after August 29, 2013, and were not properly compensated for all hours

worked, including but not limited to, those worked in excess of forty (40) hours within a workweek.

34. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

<u>**COUNT I**</u>
<u>**RECOVERY OF OVERTIME COMPENSATION**</u>
<u>**PURSUANT TO THE FLSA**</u>

35. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 34 above.

36. Plaintiff is entitled to be paid additional compensation for each of his overtime hours worked per work period.

37. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

38. Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to them at time and one half of their regular rate of pay for their overtime hours worked in a work period.

39. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

40. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

# COUNT II
## RECOVERY OF COMPENSATION
## PURSUANT TO THE NJWHL

41. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 4o above.

42. Defendants' aforementioned conduct is in violation of the N.J.A.C., Subchapter 5, Section 12:56-5.1.

43. Plaintiff is entitled to be paid for all hours worked.

44. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

# COUNT III
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

45. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 44 above.

46. Defendants' aforementioned conduct is in violation of the NJWHL.

47. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

48. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff NORMAN BITTLE, and those similarly situated to him, who have or will become part of this collective action, demand judgment, against Defendants ALOHA POOL & SPA SERVICES, LLC, and TIMOTHY SHERLOCK, individually, for the payment of compensation for all hours due them and overtime hours due them for the hours

worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: August 29, 2016  Respectfully submitted,

 s/ Jodi J. Jaffe
Jodi J. Jaffe, Esquire
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
Andrew I. Glenn, Esquire
E-mail: aglenn@jaffeglenn.com
New Jersey Bar No.: 026491992
JAFFE GLENN LAW GROUP, P.A.
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*